ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **ORVIN O. GARCÍA ORTIZ**<br><br>Recurrente<br><br>v.<br><br>**JUNTA DE LIBERTAD BAJO PALABRA**<br><br>Recurrida | KLRA202500083 | **REVISIÓN** procedente de la **Junta de Libertad Bajo Palabra**<br><br>Caso Núm.: **147384**<br><br>Confinado Núm.: **B705-46363** |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

### SENTENCIA

En San Juan, Puerto Rico, a 21 de marzo de 2025.

Comparece ante nos el señor Orvin García Ortiz (Sr. García Ortiz o recurrente), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (DCR) en la institución de Bayamón, Puerto Rico, mediante una *Petición de Revisión Administrativa*. Nos solicita que revoquemos una *Resolución* emitida por la Junta de Libertad Bajo Palabra (JLBP) el 6 de noviembre de 2024, por la que la JLBP no le concedió al Sr. García Ortiz el privilegio de libertad bajo palabra.[1]

El 17 de marzo de 2025, la JLBP radicó un alegato en oposición mediante el cual solicitan que se confirme la decisión recurrida denegando el privilegio de libertad bajo palabra a García Ortiz, por entender que el mismo no tenía un plan de salida viable, en consideración de que el hogar propuesto es cercano a la residencia de la parte perjudicada.

---

[1] Apéndice del recurso de revisión judicial, Anejo II, págs. 11-15. Notificada el 2 de diciembre de 2024.

Número Identificador
SEN2025 _____

Por las razones que discutiremos a continuación, confirmamos la *Resolución* recurrida.

## I.

En el caso de marras, el Sr. García Ortiz dijo que él "estaba dándose unos tragos con unos amigos y al lugar se present[ó] su esposa[,] de la cual se encontraba separado con un hombre".[2] Expresó también que "estos comenzaron a burlarse de [é]l y bajo los efectos del alcohol y de los celos, sac[ó] un arma de fuego y le dispar[ó] al hombre mat[á]ndolo en el acto".[3] Posteriormente, el foro primario emitió una *Sentencia* el 24 de abril de 2011 en contra del Sr. García Ortiz por Asesinato en Segundo Grado, conforme al Artículo 106 del *"Código Penal del Estado Libre Asociado de Puerto Rico"* de 2004, Ley Núm. 149 del 18 de junio de 2004, según enmendada, 33 LPRA ant. sec. 4734; y al amparo de los Artículos 5.04 (Portación y Uso de Armas de Fuego sin licencia) y 5.15 (Disparar o Apuntar Armas) de la *"Ley de Armas de Puerto Rico"*, Ley Núm. 404 del 11 de septiembre de 2000, según enmendada, 25 LPRA ant. secs. 458c & 458n.[4]

El 27 de febrero de 2023, el DCR radicó un *Informe Breve para Referir Casos de Sentencia por Delito Grave y Menos Grave ante la Junta de Libertad Bajo Palabra* (Formulario FE-I-3).[5] Del mismo se desprende que el Sr. García Ortiz comenzó a cumplir su sentencia consolidada de treinta y cinco (35) años el 24 de abril de 2012; fue ingresado en la institución carcelaria el 1 de octubre de 2018; y la fecha en la cual estaría cumpliendo dicha sentencia sería el 12 de noviembre de 2038.

---

[2] *Íd.,* Anejo VII, pág. 31.
[3] *Íd.*
[4] *Íd.,* pág. 30; véase además, *Íd.,* Anejo VI, pág. 29.
[5] *Íd.,* págs. 30-38.

Se desprende de dicho informe que el confinado se benefició de programas y servicios ofrecidos por el sistema, y completó terapias para manejar conducta violenta y terapias de drogas y alcohol, entre otras. Como "Plan de Salida", se señaló que, concedida la libertad bajo palabra, estaría residiendo con sus padres, el señor Alejandro García y la señora Marta Ortiz Hernández en el Sector El Hoyo, Carr. 845, Km. -2, HM. 3, Antigua Vía #27, Cupey Bajo, San Juan. También se identificó como "amigo y consejero" al señor José A. González, y, en cuanto al trabajo, se informó que trabajaría en la Compañía D & D Construction.

El 21 de febrero de 2024, la Técnica de Servicios Socio-Penales, la señora Sol V. López Rosario, emitió un *Informe de Libertad Bajo Palabra* (*Informe de LBP*).[6] En el mismo recopiló la situación legal, los antecedentes de conducta antisocial, el ajuste institucional, el plan de vida propuesto, el candidato de amigo consejero y la oferta de empleo del señor García Ortiz en la Compañía D & D Construction.

El 16 de agosto de 2024, el DCR emitió un *Informe de Ajuste de Progreso a la Junta de Libertad Bajo Palabra*.[7]

Posteriormente, el 24 de septiembre de 2024, el Oficial Examinador Víctor Colón Cintrón, emitió un *Informe del Oficial Examinador*.[8] Expresó que la JLBP había adquirido jurisdicción para considerar el caso para el disfrute del privilegio de libertad bajo palabra desde el 14 de noviembre de 2019, luego de la aplicación de la Ley Núm. 85 del 11 de octubre de 2022. Después de analizar el caso particular del Sr. García Ortiz, el Oficial Examinador le concedió a éste el privilegio de libertad bajo palabra, al amparo de lo dispuesto en la *Ley de la Junta de Libertad Bajo Palabra*, Ley Núm.

---

[6] *Íd.*, Anejo V, págs. 24-28.
[7] *Íd.*, Anejo IV, págs. 22-23.
[8] *Íd.*, Anejo III, págs. 16-21.

118 de 22 de julio de 1974 (Ley Núm. 118-1974), según enmendada, 4 LPRA sec. 1501 *et seq.* (Ley de la JLBP), y sujeto al cumplimiento estricto de unas condiciones.

El 6 de noviembre de 2024, la JLBP emitió una *Resolución.* En ésta, dispuso que el Sr. García Ortiz aceptó los hechos cometidos y demostró tener un plan de salida con dirección propuesta en el Municipio de San Juan. Sin embargo, la JLBP advirtió que "dicha vivienda no cumple con criterios de distancia con el hogar de la parte perjudicada", y que, por ello, no era viable.[9] Por lo tanto, en virtud del Artículo 3-D de la Ley de la JLBP, 4 LPRA sec. 1503d, resolvió que el Sr. García Ortiz no cualificaba para beneficiarse del privilegio de libertad bajo palabra, por lo que dispuso no concedérselo.

Insatisfecho, el Sr. García Ortiz presentó una *Moción en Consideración de Resolución de No Conceder Privilegio de Libertad Bajo Palabra* ante la JLBP el 23 de diciembre de 2024.[10]

Sin embargo, no surge del expediente que la JLBP atendiera dicha petición de reconsideración.

Insatisfecho, el 6 de febrero de 2025, el Sr. García Ortiz presentó la *Petición de Revisión Administrativa* ante nos, y señaló el siguiente error:

> **INCURRIÓ LA JUNTA DE LIBERTAD BAJO PALABRA EN UN PATENTE ABUSO DE DISCRECIÓN AL DENEGAR LA CONCESIÓN DE LIBERTAD BAJO PALABRA AL AQUÍ RECURRENTE CUANDO DICHA DECISIÓN NO ESTÁ BASADA EN FORMA ALGUNA EN EVIDENCIA ENCONTRADA EN EL EXPEDIENTE DEL CASO, CONSTITUYENDO A SU VEZ UNA ABIERTA VIOLACIÓN AL DEBIDO PROCESO DE LEY.**

Por su parte, la JLBP radicó un alegato en oposición el 17 de marzo de 2025. En síntesis, sostuvo que el factor de la distancia entre el hogar propuesto y la parte perjudicada es indispensable a la hora de decidir si un confinado puede gozar del privilegio de

---

[9] *Íd.*, Anejo II, pág. 12
[10] *Íd.,* Anejo I, págs. 1-10.

libertad bajo palabra. El hecho de que García Ortiz no tenía un plan de salida viable, en consideración de que el hogar propuesto es cercano a la residencia de la parte perjudicada, por sí solo, es suficiente para denegarle la libertad bajo palabra.

Con el beneficio de la postura de las partes, nos encontramos en posición para discutir el derecho aplicable.

**II.**

**A.**

El Artículo 4.006 (c) de la *"Ley de la Judicatura del Estado Libre de 2003"*, Ley Núm. 201 del 22 de agosto de 2003, según enmendada, 4 LPRA sec. 24y (c), faculta al Tribunal de Apelaciones a atender las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. Los organismos administrativos merecen la mayor deferencia judicial, puesto que estos tienen el conocimiento especializado sobre los asuntos que le han sido delegados. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *Torres Rivera v. Policía de PR*, 196 DPR 606 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712 (2012). Al momento de revisar una decisión administrativa, el principio rector es el criterio de la razonabilidad de las decisiones y actuaciones de la agencia. *Hernández Feliciano v. Mun. Quebradillas, supra.* Todas las decisiones administrativas gozan de una presunción de legalidad y corrección, por lo cual la parte que las impugne debe producir suficiente evidencia para derrotarla. *Íd.*

Las facultades adjudicativas de una agencia están regidas por la *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"* (LPAU), Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.,* y por la jurisprudencia aplicable. La Sección 3.14 de la LPAU, *supra,* sec. 9654, dispone que las ordenes o resoluciones de las agencias deberán incluir y exponer separadamente determinaciones de hecho si éstas no se han

renunciado, y conclusiones de derecho que fundamentan la adjudicación. Estas determinaciones deben reflejar que se consideraron y resolvieron los conflictos de prueba y, además, deben describir tanto los hechos probados como los rechazados. *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 265 (2007). Sobre nuestra facultad revisora, el Tribunal Supremo ha expresado que:

> **[L]as determinaciones de hecho se deben sostener si se fundamentan en evidencia sustancial que surja de la totalidad del expediente administrativo**. Mientras, la deferencia antes mencionada **no se extiende de manera automática a las conclusiones de derecho** emitidas por la agencia, ya que estas serán revisables en todos sus aspectos por el tribunal. **Esto es, que el tribunal las puede revisar sin sujeción a norma o criterio alguno**.
>
> *Hernández Feliciano v. Mun. Quebradillas, supra*, pág. 115. (citas omitidas) (Énfasis nuestro).

"[L]os foros apelativos debemos diferenciar entre asuntos de interpretación estatutaria, en la que los tribunales son especialistas, y los asuntos propios de la discreción o la pericia administrativa". *Íd.*, pág. 116. Al revisar las determinaciones de hechos, los tribunales solo pueden sustituir su criterio por el de la agencia cuando las determinaciones no están fundamentadas en evidencia sustancial. "Evidencia sustancial es 'aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión'". *Empresas Ferrer v. A.R.Pe.*, *supra*, pág. 266 (citando a *Hernández, Álvarez v. Centro Unido*, 168 DPR 592, 615 (2006)). La parte que impugne una determinación "tiene que convencer al tribunal de que la evidencia en la cual se apoyó la agencia para formular tales determinaciones no es sustancial". *Otero v. Toyota*, 163 DPR 716, 728 (2005).

Los tribunales les deben menor deferencia a las conclusiones de derecho de las agencias. *Hernández Feliciano v. Mun. Quebradillas, supra*, pág. 115. Aun así, la interpretación judicial del derecho no constituye una sustitución automática de las

conclusiones de derecho de una agencia. *Íd.* En otras palabras, la deferencia disminuida no trata de una revisión *de novo*. El criterio administrativo solo debe ser descartado cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018).

**B.**

La JLBP tiene la autoridad de conceder a cualquier persona recluida en una institución correccional de Puerto Rico el privilegio de cumplir la última parte de su condena en libertad bajo palabra. *Benítez Nieves v. ELA et al.*, 202 DPR 818, 825 (2019). Dicho privilegio le confiere a un convicto la oportunidad de cumplir su sentencia o parte de ella en libertad mientras observe buena conducta y guarde las restricciones impuestas por el tribunal sentenciador. *Pueblo v. Negrón Caldero*, 157 DPR 413, 420 (2002). En cuanto al objetivo de esta concesión, la ley establece lo siguiente:

> La libertad bajo palabra será decretada para el mejor interés de la sociedad y cuando las circunstancias presentes permitan a la Junta creer, con razonable certeza que tal medida habrá de ayudar a la rehabilitación del delincuente. Para determinar si concede o no la libertad bajo palabra, la Junta tendrá ante sí toda la información posible sobre el historial social, médico, ocupacional y delictivo de cada confinado, incluyendo la actitud de la comunidad respecto a la liberación condicional del sujeto, y una evaluación que deberá someter la Administración de Corrección.

Ley de la JLBP, *supra*, Artículo 3 (a), *supra*, sec. 1503.

Mediante el Artículo 3-D de la Ley de la JLBP, *supra*, sec. 1503d, la Asamblea legislativa enumeró los criterios que la JLBP debe tomar en consideración al momento de evaluar si procede o no la concesión del privilegio. Por otro lado, el Artículo 5 de la Ley de la JLBP, *supra*, sec. 1505, dispone que la JLBP "promulgará las reglas y reglamentos que crea convenientes para el mejor cumplimiento de lo dispuesto en este Artículo". *Íd.* En cumplimiento con esta

disposición, se aprobó el Reglamento de la JLBP, Reglamento Núm. 9232, 18 de noviembre de 2018 (Reglamento). El Artículo X, Sección 10.1 (B) del Reglamento dispone que la JLBP podrá tomar en consideración otros criterios relacionados a los enumerados en el Artículo 3-D de la Ley de la JLBP, *supra*, sec. 1503d.

Con relación a los criterios para elegibilidad y en lo pertinente a este caso, el Reglamento dispone en el Artículo X, Sección 10.1 (B) que la JLBP tomará en consideración los siguientes criterios con relación al peticionario:

1. Historial delictivo
   a. La totalidad del expediente penal.
      [...]

      d. **Naturaleza y circunstancias del delito, por el cual cumple sentencia, incluyendo el grado de fuerza o violencia utilizado en la comisión del delito**

2. [...]

5. **La opinión de la víctima**
   a. **La opinión de la víctima constituye un factor a ser considerado por la Junta**, pero la determinación sobre el grado de rehabilitación de un peticionario y si está capacitado para continuar cumpliendo su sentencia en la libre comunidad es prerrogativa de la Junta.

...

7. Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.

   a. [...]

   e. Residencia

      iv. Para determinar si la vivienda propuesta es viable, la Junta considerará:

      (a) Las características personales e historial delictivo de las personas con las cuales convivirá el peticionario en la vivienda, y cómo el peticionario se relaciona con estos.

      (b) **Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario.**

(c) Condición de la planta física de la residencia y cantidad de habitantes de la misma.

(d) **Si la residencia propuesta está relativamente cercana a la residencia de la víctima de delito.**

(e) Si existe algún impedimento en ley para que el peticionario resida en la vivienda propuesta, excepto se encuentre incluido en el contrato de vivienda o certificación de la administración correspondiente.

(f) **Cualquier otra consideración que la Junta estime pertinente dentro de los méritos del caso individual.**

12. La Junta tendrá discreción para considerar los mencionados criterios según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionario y al mejor interés de la sociedad.

Reglamento, *supra*, Artículo X, Sección 10.1 (B).

### III.

En el caso de marras nos toca resolver si la JLBP procedió conforme a derecho al denegarle al Sr. García Ortiz el privilegio de la libertad bajo palabra, a base de la información que la JLBP tuvo disponible al momento de emitir la determinación recurrida.

A juicio de la JLBP, el Sr. García Ortiz presentó un plan de salida estructurado y viable con relación al amigo consejero, el empleo y el lugar en donde estaría residiendo de concedérsele libertad bajo palabra. No obstante, la JLBP dispuso no concederle al Sr. García Ortiz dicho privilegio, pues determinó que la vivienda propuesta, la cual ubicaba en el Municipio de San Juan, no cumplía con los criterios de distancia respecto al hogar de la parte perjudicada.

En desacuerdo, el Sr. García Ortiz arguyó ante nos que la JLBP abusó de su discreción al denegar la concesión de libertad bajo palabra al recurrente, cuando dicha decisión no estaba basada en evidencia encontrada en el expediente del caso, constituyendo a su vez una abierta violación al debido proceso de ley.

Por su parte, la JLBP adujo que la decisión recurrida es razonable y se basa en las constancias del expediente administrativo. Además, argumentó que, por evidentes razones de seguridad, el factor de la distancia entre el hogar propuesto y el de la víctima es indispensable a la hora de decidir si el beneficio se concede. Por tal razón, la JLBP dispuso que la vivienda plasmada en el plan de salida del recurrente no es viable.

Tras un análisis objetivo y cuidadoso, resolvemos que la JLBP no incurrió en el error señalado. Veamos.

Como pormenorizamos anteriormente, la Ley de la JLBP establece en el Artículo 3-D, *supra*, sec. 1503d, que el lugar en el que piensa residir un confinado, al igual que la actitud de la comunidad, son factores que la JLBP puede considerar como parte del análisis para determinar si le concede a un confinado la libertad bajo palabra. A raíz de ello, el Artículo X, Sección 10.1 (B) (7) (e) (iv) del Reglamento de la JLBP, *supra*, establece que uno de los criterios que la JLBP debe tomar en cuenta al momento de decidir si la vivienda propuesta es viable es "si la residencia propuesta está relativamente cercana a la residencia de la víctima de delito". Además, la JLBP podrá considerar la opinión de la víctima y cualquier otro factor que estime pertinente dentro de los méritos del caso individual.

En el caso de epígrafe, el Sr. García Ortiz dijo que su esposa, de quien se encontraba separado, se presenció al lugar donde éste se encontraba con un hombre. Este expuso además que, bajo los efectos del alcohol y los celos, sacó un arma de fuego y le disparó al hombre matándolo en el acto. Adviértase que, el Artículo 3 (a) de la Ley de la JLBP, *supra*, sec. 1503, establece que el privilegio de libertad bajo palabra será decretado para el mejor interés de la sociedad y que, para determinar si se concede o no la libertad bajo palabra, la JLBP tendrá ante sí toda la información posible sobre el

historial delictivo de cada confinado. Además, se deberá tomar en cuenta el nivel de peligrosidad del delito cometido por el confinado, el riesgo que puede presentar para la víctima el que éste se beneficie de dicho privilegio, y las medidas de seguridad que se pueden adoptar a favor de la víctima.

Según la determinación recurrida, la JLBP tomó en consideración la residencia que señaló el Sr. García Ortiz, concluyendo que la misma no era viable debido a la distancia en que se encontraba vis-à-vis el hogar de la parte perjudicada. Ciertamente la libertad bajo palabra constituye un privilegio y **no un derecho**. En vista de que la JLBP utilizó criterios contemplados tanto en la Ley de la JLBP, *supra*, como en su reglamento para denegarle libertad bajo palabra; no surge del expediente que se le haya violado al Sr. García Ortiz un derecho procesal; ni se desprende del mismo que se cometió un error en las determinaciones de hechos que ameriten nuestra intervención, resolvemos concederle deferencia a la JLBP.

A la luz de lo anterior, concluimos que la JLBP actuó conforme a derecho.

**IV.**

Por los fundamentos discutidos, confirmamos la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones